UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|  |  |  |
|---|---|---|
| UNITED STATES, | : | CASE NO. 1:23-cr-561-4 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 573] |
| v. | : | |
| | : | |
| ROZ WHITWORTH, | : | |
| | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On October 21, 2022, Defendant Roz Whitworth filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1]  Whitworth is currently serving a 60-month sentence at Elkton FCI after pleading guilty in November 2021 to one count of conspiracy to distribute and possess with intent to distribute methamphetamine and one count of distributing heroin.[2]

On January 18, 2023, Whitworth's attorney filed a supplement to Defendant's pro se motion.[3]  With the supplement, Whitworth argues that extraordinary and compelling circumstances justify compassionate release.  Whitworth says his medical conditions, including delayed treatment for his March 2022 massive heart attack; the COVD-19 pandemic; and his lack of access to rehabilitative resources while incarcerated provide extraordinary and compelling support for his application.[4]

---

[1] Doc. 573.
[2] Doc. 393, PageID #: 1797.
[3] Docs. 580, 581.
[4] Doc. 581, PageID #: 3537.

Case No. 1:20-cr-561-4
GWIN, J.

On January 27, 2023, the government filed its opposition.[5]  Whitworth filed his reply.[6]

For the following reasons, the Court **DENIES without prejudice** Defendant Whitworth's compassionate release motion.

## I.    LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[7]  However, under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[8]

If a defendant's compassionate releasee motion meets this exhaustion requirement, the court then considers three factors in deciding whether to grant the compassionate release motion.  First, the court must decide "whether extraordinary and compelling reasons warrant a sentence reduction."[9]  Second, the court must ensure that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[10]  Finally, the court must consider all relevant 18 U.S.C. § 3553(a) factors.[11]

---

[5] Doc. 584.
[6] Doc. 585.
[7] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[8] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[9] *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quotation marks omitted).
[10] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[11] *Id.*

Case No. 1:20-cr-561-4
GWIN, J.

## II.    DISCUSSION

### A. Exhaustion

An inmate's 18 U.S.C. § 3582(c)(1)(A) request for compassionate release must be submitted to the warden in writing.[12]  In addition to describing extraordinary and compelling circumstances warranting consideration, these requests must include proposed plans for residency, employment, medical care information, and payment for any medical treatment post-release.[13]

When evaluating these written requests, courts have held that thirty-day period for exhaustion purposes "should be measured from the date on which a prisoner submits his or her request to the BOP, not the date the request is received by the Warden."[14]

Whitworth satisfies the 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. Whitworth emailed BOP staff, and by implication, the warden, on September 14, 2022, where he stated his desire to file a compassionate release motion and asked for help with the same.[15]  His email request included his basis for release, his intended residence and prospective employment, his medical care center, and the fact that he intended to pay for care using Medicaid.[16]

After over thirty days with no response, on October 21, 2022, Whitworth filed this motion.[17]  BOP replied months later—and only after Whitworth filed for compassionate release—saying that Whitworth must submit his request through his unit in order to consider

---

[12] 28 C.F.R. § 571.61.
[13] *Id.*
[14] *See United States v. Feucht*, 462 F. Supp. 3d 1339, 1341 (S.D. Fla. 2020); *United States v. Somerville*, 463 F. Supp. 3d 585, 591 (W.D. Pa. 2020); *United States v. Lopez*, 2020 WL 6063936, at *2 (S.D. Ala. Oct. 14, 2020); *United States v. Resnick*, 2020 WL 1651508, at *6 (S.D.N.Y. Apr. 2, 2020); *United States v. Baker*, 2020 WL 4584195, at *3 (E.D. La. Aug. 10, 2020).
[15] *See* Doc. 585-1, PageID #: 3787.
[16] *Id.*
[17] *See* Doc. 573, PageID #: 3289.

Case No. 1:20-cr-561-4
GWIN, J.

it properly submitted.[18]  However, the Government's brief does not cite to any authority for this rule.  So, the Court finds that Whitworth's September 14, 2022 email satisfies the statutory exhaustion requirement.

### B. Extraordinary and Compelling Reasons

A new United States Sentencing Commission policy statement now applies to 18 U.S.C. § 3582(c)(1)(A) motions brought by inmates after November 1, 2023.[19]  This policy statement, U.S.S.G. § 1B1.13(b)(1) provides a non-exhaustive list of various circumstances that either alone or in combination qualify as extraordinary and compelling reasons for a sentence reduction.[20]

In relevant part, U.S.S.G. § 1B1.13(b)(1) provides that an extraordinary and compelling reason exists when the defendant is suffering from (1) a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory); (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care while incarcerated; or (3) a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.[21]

An extraordinary and compelling reason may also exist where the defendant is housed at a correctional facility affected by an ongoing outbreak of infectious disease, the defendant is at increased risk due to personal health factors, and such risk cannot be adequately mitigated in a timely manner.[22]  Finally, "any other circumstance or combination of

---

[18] *Id.*
[19] *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023).  Previously, the Sentencing Commission's policy statement only applied to motions brought by the BOP. *See, e.g., Elias*, 984 F.3d at 518.
[20] *Id.* § 1B1.13(b).
[21] *Id.* § 1B1.13(b)(1)(A)-(C).
[22] *Id.* § 1B1.13(b)(1)(D).

Case No. 1:20-cr-561-4
GWIN, J.

circumstances, that, when considered by themselves or together" are as serious as the enumerated reasons may be extraordinary and compelling.[23]

Although Whitworth has met the statutory exhaustion requirement, he has not shown extraordinary and compelling reasons warranting a sentence modification. Whitworth's primary argument for extraordinary and compelling reasons is that it took the BOP three days to provide medical attention for his March 2022 heart attack.[24]

While the delay in Whitworth's heart attack treatment is unfortunate, it does not mean that he is currently suffering from a terminal illness or an unmanageable, serious medical condition.[25] Medical records indicate that Whitworth's care was delayed because both he and BOP staff thought that he had been suffering from bad heartburn for three days.[26]

Whitworth had been self-medicating with omeprazole to treat these symptoms, but ran out of the medication on or about March 11, 2022.[27] On March 13, 2022, Whitworth inquired about refilling his omeprazole prescription and BOP staff conducted a medical exam.[28] BOP staff then identified that Whitworth's chest pain was more serious than heartburn.[29] Whitworth was then sent to a hospital and treated for his heart attack.[30] This incident is not an extraordinary or compelling reason warranting a sentence modification.

Whitworth also alleges that his diabetes, obesity, and diabetic neuropathy are grounds for a sentence modification.[31] However, his medical records indicate that he is able

---

[23] *Id.* § 1B1.13(b)(6).
[24] Doc. 581, PageID #: 3536-37.
[25] *See U.S. v. Headly*, 2023 WL 4029770, at *2 (N.D. Ohio June 15, 2023) (granting compassionate release where only a few weeks remain and inmate was diagnosed with a serious cancer that had spread throughout body).
[26] Doc 584-1, PageID #: 3614.
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] Doc. 581, PageID #: 3535.

Case No. 1:20-cr-561-4
GWIN, J.

to provide self-care by self-administering medications while incarcerated, and that these conditions are under control.[32]  Whitworth has not shown that the BOP has failed to adequately care for his medical issues, save for the three-day delay in treating his heart attack, or that his current medical conditions are at risk of serious deterioration.

Whitworth also suggests that the dangers he faces as a high-risk individual incarcerated during the COVID-19 pandemic justify early release.  Whitworth says that he has contracted COVID-19 twice while incarcerated, most recently in September 2022.

However, Whitworth has refused to receive a COVID-10 vaccine.  "[I]f an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under [18 U.S.C.] § 3582(c)(1)(A)(i) on the grounds that's that COVID-19 constitutes an extraordinary and compelling justification."[33]  And, per current BOP data, there is not a current infectious disease outbreak at Whitworth's facility.[34]

Finally, Whitworth says compassionate release would increase his access to rehabilitative programs.  While the recent U.S.S.G. amendment allows rehabilitation to be considered with other circumstances, rehabilitation needs are not, by themselves, extraordinary and compelling reasons for release.[35]

---

[32] Doc. 584-1, PageID #: 3563.

[33] *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (*citing U.S. v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling justification for release.").

[34] *See* Fed. Bureau of Prisons, *Inmate COVID-19 Data* (Nov. 21, 2023), https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp.

[35] U.S. Sent'g Guidelines Manual § 1B1.13(d).

Case No. 1:20-cr-561-4
GWIN, J.

Because Whitworth has not demonstrated that there are extraordinary and compelling reasons to reduce his sentence, the Court does not consider the remaining compassionate release factors.[36]

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES without prejudice** Defendant's motion for compassionate release.

IT IS SO ORDERED.


Dated: November 27, 2023                                   *s/      James S. Gwin*
                                                                            JAMES S. GWIN
                                                                            UNITED STATES DISTRICT JUDGE

---

[36] *Elias*, 984 F.3d at 519. (". . . [D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(C)(1)(A) is lacking and do not need to address the others.").